UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JANE DOE,

                Plaintiff,                             **22 CV**

  -against-                                              **COMPLAINT**

CITY UNIVERSITY OF NEW YORK,

                Defendant.
---------------------------------------------------------X

      The Plaintiff, JANE DOE[1] by her attorney, STEWART LEE KARLIN, complaining of Defendant, CITY UNIVERSITY OF NEW YORK, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matter, as follows:

## NATURE OF THE CLAIM

1. This is a civil action based upon Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 and Section 504, 29 U.S.C. 794 by discriminating against Plaintiff due to her disability and perceived disability. Plaintiff is seeking damages for violating her civil rights.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Defendant City University of New York (CUNY) pursuant to 42 U.S.C § 12117 and 28 U.S.C. 1331.

3. Venue lies in this District pursuant to 28 U.S.C. 1391 (b) (2) as a substantial part of the events giving rise to the claim arose in New York County.

---

[1] Jane Doe is being used to protect the identity of Plaintiff's education and medical privacy.

1

## PARTIES

4. At all times hereinafter mentioned, Plaintiff Jane Doe ("Plaintiff"), was and still is a student of the Defendant CUNY at the Borough of Manhattan Community College (BMCC).

5. Defendant CUNY is a recipient of federal financial assistance as defined by Section 504 (29 U.S.C. 794) and the regulations promulgated thereunder.

6. Defendant CUNY offers a variety of programs and services for students that have disabilities in order for the student to gain access to their education.

7. Jane Doe is a qualified individual (general anxiety disorder, ) with a disability in that she met the essential requirements for the receipt of services and reasonable accommodations. Jane Doe's disability without reasonable accommodations directly adversely impacts on her education.

8. Plaintiff has a mental impairment that substantially limits one or more major life activities, had a record of such an impairment and was regarded as having such an impairment. Plaintiff also participated in protected activity pursuant to the ADA by requesting reasonable accommodations that were not timely granted and not fully implemented in part by Defendant.

## FACTUAL STATEMENT

9. Plaintiff duly enrolled at BMCC in the nursing program. At the time of Plaintiff's enrollment, she was provided by Defendant with Defendant's policies regarding academic criteria for graduation and the EEO policies from the school, as well as the appeal procedures in the event of an alleged breach of the agreement. This formed the contract between the Plaintiff and Defendant.

10. The contract was based on the terms and conditions for graduation that were offered by the Defendant at the time of Plaintiff's enrollment. Implicit in the contract, is to apply the rules

uniformly and not to act discriminatorily when applying the policies to a given situation.

11. Defendant by and through its agents breached the contract in the State of New York and violated federal anti-discrimination laws hereinafter more specifically described.

12. Plaintiff initially applied for and was granted accommodation in The Accessibility Office on or about summer 2019.. She provided medical documentation and requested reasonable accommodations allowing her to take examinations in a separate space, with less distractions, and extra test time.

13. These accommodations for the Spring 2022 semester were not granted until January 30, 2022. However, despite the belated granting of the accommodations, Plaintiff was subjected to discrimination due to her disability.

14. Professor Gwak knew of her disability as her Professors were advised of the accommodations necessary to reasonably accommodate her disability but subjected her to disparate treatment based on her disability as set forth below.

15. Plaintiff initial experience with Professor Gwak began before she entered her class. About two weeks before class, Plaintiff advised Professor Gwak that she would be unable to attend her workshop because she had to work and asked for guidance as to which chapters to start reading.

16. Professor Gwak wrote back to tell her that she must wait for the blackboard to open. At that time, she was conducting the workshop, and Plaintiff asked her if she would be making videos from the workshop so she could follow it. She ignored Plaintiff and never even offered her any material from the workshop to read.

17. A few days before the semester started, she did open the blackboard. Plaintiff had purchased the class textbook in August 2021, when Plaintiff was about to take Med-Surgical 1. When Plaintiff asked her last professor (in Fall 2021)for reading material, she

posted it very early which was very helpful.

18. Plaintiff had sought assistance from Professor Gwak after the unit 1 exam on directions to successfully pass the course but did not receive her help. Professor Gwak asked Plaintiff if she takes notes. Plaintiff confirmed that she takes notes. In addition, Plaintiff told Professor Gwak that she felt excluded in class since Professor Gwak indicated on a few occasions that she was not teaching anything already taught in her workshop.

19. Professor Gwak noted that Plaintiff had done well in the previous course (Med-Surgical 1) in comparison to the current Unit 1 exam. Plaintiff told Professor Gwak that the previous instructor gave her good guidance and clear directions. Professor Gwak got angry and walked away without providing any assistance or guidance to Plaintiff.

20. Plaintiff has been denied an equal opportunity, as a student, to prepare for the mid-term exam in a timely manner which resulted in a low grade. The midterm exam carried 20% of the grade.

21. Professor Gwak excluded Plaintiff regarding information discussed in class after the Unit 2 exams, while Plaintiff was taking the exam in N360, which would have provided support for the midterm exams.

22. Plaintiff was forced by Professor Gwak to give up her exam review test paper without having the opportunity to completely review her paper with her. She did not do this to the other students.

23. When the Spring semester began, Professor Gwak asked the class for the students' phone numbers. Plaintiff was not comfortable sharing that with her at the moment. She then threatened Plaintiff.

24. Professor Gwak said she would put a derogatory note in her file at the end of the semester. Plaintiff relented and provided Professor Gwak with her phone number.

25. Days leading up to the first exam, Professor Gwak insisted that she take the math exam with the class. Plaintiff has a disability (anxiety disorder) and received accommodations such as extra test time and to be separated from the class for the exam.

26. Plaintiff provided the Accessibility Office with documented proof, but Professor Gwak was not willing to reasonably accommodate her. This increased her anxiety.

27. Both the manager of the Accessibility Office and a Compliance Officer spoke to Professor Gwak that she was violating Plaintiff's ADA rights by not allowing her to take the exam out of the class.

28. Plaintiff was then advised the matter was settled and Professor Gwak would provide a place for her to take the exam and a proctor.

29. However, on the day of the exam, Professor Gwak still tried to force Plaintiff to remain in the class and take the exam.

30. While Plaintiff was taking the Unit Two exam in the Accessibility Office located in N360, Professor Gwak deliberately excluded information from Plaintiff discussed with the class at the end of the Unit 2 exam before the students left the classroom located in N758.

31. Professor Gwak guided the class for the midterm exam in Plaintiff's absence.

32. Plaintiff was excluded from the information that outlined specific topics and the number of questions for each topic to study for the midterm exam. Professor Gwak guided the class and answered questions from the students about the midterm exams.

33. When Plaintiff arrived for the review of the Unit Two exam at 1.00 pm, Professor Gwak did not have the courtesy to inform Plaintiff of the discussion or guide her for the midterm exam which put her at a disadvantage in preparing for the exam.

34. When Professor Gwak came to collect the Unit Two exam, when Plaintiff was handing it to Professor Gwak, she grabbed it from Plaintiff telling her **"you're so slow" and "you**

**have problems."**

35. Also, in class she has referred to Plaintiff as **"disability people"** and she allowed the class to have exams (all 4 unit exams and the midterm exam) at 10.00 am while Plaintiff was taking her test at 9.00 am. She told the class she wants them to have the extra hour to study. This show an open bias and ignorance of the HIPAA laws.

36. For the students who remained for assistance at the exam review, Professor Gwak reviewed all their questions, guided them on how to study, and prepared them for the midterm exam, but she never did that for Plaintiff.

37. For example, initially at the review of the Unit Two exams, Plaintiff sat down and reviewed her exam. Professor Gwak provided assistance to students who remained. A few students thanked her for the review and left. Professor Gwak continued to go over another student's exam with her and directed her on questions she did not understand, and she guided the student on how to study. She even took this same student back to her office to review her Unit 1 exam again.

38. When Plaintiff approached Professor Gwak to review her paper, she was annoyed, answered one question and then when she was asking her another question, she started yelling at Plaintiff, "give me a break lady." Professor Gwak did not want to review her paper for the Unit Two exam with her any further as she did with the other students.

39. Plaintiff was unable to take the Unit three exam as scheduled on April 25th, 2022 due to the undue stress that was put upon her by Professor Gwak and she received a leave of absence. Professor Gwak rescheduled the exam four days later, however, Plaintiff was randomly flagged by the school to take a Covid test and was unable to enter the school on May 29th, 2022.

40. On May 29th Professor Gwak told Plaintiff that she could take the Unit 3 exam after the

finals on May 19th and focus on the Unit 4 exam on May 9th, 2022. However, three days later Professor Gwak changed her mind and told Plaintiff to take the Unit 3 exam right after Unit 4 exam.

41. These were unreasonable changes made by Professor Gwak because she was not given enough time to prepare for the finals, and as such Plaintiff requested to take the Unit 3 exam before unit 4 exam on May 6th, 2022. The unreasonable changes put upon the Plaintiff by Professor Gwak made it difficult for her to achieve the grades she deserves. Another student (upon information and belief did not have a disability) who was flagged from entering the school was given adequate time to prepare for each exam.

42. Finally, Professor Gwak's ignored the plain language of the student handbook that clearly allows a student to review their exams. Plaintiff asked Professor Gwak to review the final exam to verify the results, however, Professor Gwak refused. Professor Gwak's refusal to let Plaintiff review her exam is a plain violation of BMCC's policies.

43. After the final exam, Professor Gwak insisted that Plaintiff did not pass the course, although she did not yet receive a credit for the course she had requested from the school because of being denied an equal opportunity on the midterm exam.

44. These actions by Professor Gwak are arbitrary, capricious, and in bad faith. Professor Gwak's actions violate the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973, by failing to follow its own rules and by mocking Plaintiff's disability and subjecting her to disparate treatment.

45. Plaintiff should have received a passing grade in NUR 411-091, the final requirement that would have allowed her to graduate on June 9, 2022. However, Plaintiff because of the discrimination that directly impacted her grade and retaliation for reporting such discrimination to the school was not allowed to graduate. She must now remediate that

course in the Fall 2022, delaying her graduation about seven months.

46. Defendant has not provided a legitimate basis for the determination.

47. These actions against Plaintiff. have a profound and everlasting impact on her including irreparable damage to her academic career and professional career.   These actions are deliberate, intentional discrimination and retaliation.

48. As a result of CUNY violating the ADA and Section 504, Plaintiff has been damaged.

## **FIRST CLAIM FOR RELIEF-ADA**

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth  above with the same force and effect as if more fully set forth herein.

50. Plaintiff is a protected individual within the meaning of the Americans with  Disabilities Act 42 U.S.C. 12182.

51. Plaintiff has a disability within the meaning of the ADA.

52. Defendant CUNY is a statutory party within the meaning of the ADA.

53. Defendant violated the ADA by failing to *timely* reasonable accommodate Plaintiff and by otherwise subjecting her to a hostile environment and disparate treatment due to her disability.

54. As a result of the willful activities of defendant, plaintiff has been deprived of   equal educational opportunities based upon her disability, and perceived disability in violation of the Americans with Disabilities Act 42 U.S.C. 12182 and suffered damages as a result of the Defendant violating the ADA.

## **SECOND CLAIM FOR RELIEF-504**

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. Section 504 was violated because Plaintiff was an otherwise qualified individual with a disability and was excluded from participation and denied the benefits of and subjected to discrimination solely by reason of her disability.

57. As a result of the foregoing conduct, CUNY has violated. Section 504, 29 U.S.C. 794 and the regulations promulgated thereunder resulting in plaintiff being damaged.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY
ON ALL ISSUES AND CLAIMS IN THIS ACTION**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A declaration that CUNY has violated the ADA and Section 504 of the Rehabilitation Act and that Plaintiff's rights have been violated under the ADA and 504 and any other equitable relief that the Court deems necessary to correct the conditions complained of herein.

b. Expungement of the failing grade and have her grade recalculated and that CUNY be ordered to graduate plaintiff;

c. Compensatory damages to Plaintiff for the damages incurred including but not limited to pain and suffering, lost income due to the delay in graduating and damages to Plaintiff's reputation;

d. Attorney fees and costs, cannot yet be determined.

e. Any other relief that is just and equitable.

Dated: New York, New York
      August 4, 2022                      Respectfully submitted,

                                            STEWART LEE KARLIN
                                            LAW GROUP, P.C.

                                            _____
                                            STEWART LEE KARLIN, ESQ.
                                            Attorneys for Plaintiff
                                            111 John St., 22nd Floor
                                            New York, NY 10038
                                            (212) 792-9670