USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
JANE DOE,

                            Plaintiff,

-v -

CITY UNIVERSITY OF NEW YORK,

                            Defendant.
-------------------------------------------------------------- X

1:22-cv-6646-GHW

ORDER

GREGORY H. WOODS, District Judge:

On August 4, 2022, Plaintiff filed the complaint in this case as "Jane Doe." Dkt No. 1. "[P]ursuant to Federal Rule of Civil Procedure 10(a), '[t]he title of [a] complaint must name all the parties.'" *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188 (2d Cir. 2008) (quoting Fed R. Civ. P. 10(a)). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly.'" *Id.* "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) (quotation omitted). The Second Circuit has adopted a non-exhaustive, multi-factor test to decide whether a party may proceed pseudonymously. Those factors include:

> (1) "whether the litigation involves matters that are highly sensitive and of a personal nature;" (2) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (3) "whether the plaintiff's identity has thus far been kept confidential;" and (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity."

*Id.* at *1 (quoting *Sealed Plaintiff*, 537 F.3d at 189-90).

The Court does not have adequate information at this stage to determine if Plaintiff should be permitted to proceed pseudonymously in this case. Accordingly, Plaintiff is ORDERED TO

SHOW CAUSE no later than August 15, 2022 why she should be allowed to proceed pseudonymously. If Defendants oppose Plaintiff's attempt to proceed pseudonymously, their opposition is due one week after service of Plaintiff's response to this order. Plaintiff's reply, if any, is due three days following service of Defendants' opposition.

Counsel for Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: August 8, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge